UNITED STATES DISTRICT C0URT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| **TRACEY LUTHER** <br> 4229 East Capitol Street, S.E. <br> Apt. 101 <br> Washington, D.C. 20019 <br><br> Plaintiff <br><br> v. <br><br> **DIANA HARRISON** <br> 2634 Parkland Drive <br> District Heights, Maryland 20747 <br><br> and <br><br> **XLIBRIS CORPORATION** <br> International Plaza II, Suite 340 <br> Philadelphia, Pennsylvania 19113 | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> *  Civil Action No.: <br> * |

*************************************************************************

## NOTICE OF REMOVAL

Pursuant to U.S.C. § 1441, *et seq.*, Diana Harrison, Defendant, by and through her attorneys, Sidney S. Friedman and Weinstock, Friedman & Friedman, P.A., hereby move for the removal of this action to the United States District Court for the District of Columbia. As grounds for the removal, Defendant Harrison states as follows:

1.  Plaintiff commenced this action on August 28, 2007, by filing a Complaint against the Defendants in the Superior Court for the District of Columbia. Plaintiff's Complaint was assigned Case No.: 0005977-07 (hereinafter the "State Court Action").

2.  Plaintiff served the Complaint and Summons on Defendant Harrison on

1

October 3, 2007, by leaving both documents in her door. Although Ms. Harrison was not personally served, nor was anyone else at her home, she is not challenging service of process.

3.  Other than the Complaint, no further pleadings have been filed in the State Court Action.

4.  Pursuant to 28 U.S.C. § 1441(a), copies of the Complaint, Summons, and Initial Order and Addendum that were served upon Defendant Harrison are attached hereto as Exhibit 1.

5.  This action is brought by Plaintiff in a four-count Complaint for Invasion of Privacy, Commercial Misappropriation of One's Identity, Intentional Infliction of Emotional Distress, and Punitive Damages, in which Plaintiff alleges that Defendant Harrison has used Plaintiff's name and has revealed personal information regarding Plaintiff, in a book that Defendant Harrison authored and published through Defendant Xlibris Corporation.

6.  Plaintiff is claiming $900,000.00 in damages against both Defendants jointly and severally.

7.  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8.  This matter is subject to removal pursuant to 28 U.S.C. § 1441(b), "[a]ny other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

9.  Defendant Harrison is a resident of the State of Maryland.

10. Defendant Xlibris Corporation is a Pennsylvania corporation with its principal place of business located in Philadelphia, Pennsylvania.

11. Plaintiff is a resident of the District of Columbia.

12. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this matter, because the amount in controversy exceeds $75,000.00, and is between citizens of different States.

13. This Court is the District Court of the United States for the district embracing the place where the State Court Action is pending.

14. This Notice of Removal is being filed within 30 days after Defendant Harrison received, through service or otherwise, a copy of Plaintiff's Complaint, and is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

15. A Notice of Filing of Notice of Removal, attaching a copy of this Notice of Removal, is being filed on this date with the Clerk of the Superior Court of the District of Columbia, and served on Plaintiff's counsel as required by 28 U.S.C. § 1446(d). A copy (without attachments) of the Notice of Filing of Notice of Removal filed in the State Court Action is attached hereto as Exhibit 2.

16. Upon information and belief, the corporate Defendant, Xlibris Corporation, has not yet been served with a Summons or Complaint. It has not filed a responsive pleading to the lawsuit, and there is no affidavit of service filed in the State Court Action. Additionally, the Plaintiff's attorney was not able to verify whether or not Xlibris Corporation had been served.

WHEREFORE, Diana Harrison, Defendant, respectfully requests that this Notice of Removal be accepted and that the State Court Action be removed to the United States District Court for the District of Columbia.

Respectfully submitted,

*Sidney S. Friedman*
Sidney S. Friedman
Federal Bar No.: 464753

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208
(410) 559-9000
(410) 559-9009 Fax
ssf@weinstocklegal.com

Attorneys for Defendant Diana Harrison

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __25__ day of October 2007, a copy of the foregoing Notice of Removal was served, via first-class mail, postage prepaid, upon:

Tami L. Taylor
1875 I Street, N.W.
Washington, D.C. 20006
Attorney for Plaintiff

Xlibris Corporation
International Plaza II
Suite 340
Philadelphia, Pennsylvania 19113

_/s/ Sidney S. Friedman_
Sidney S. Friedman

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Tracey Luther<br>4229 East Capitol Street, N.E.<br>Washington, D.C. 20019 | 1) Diana Harrison, 2634 Parkland Drive, District Heights, Maryland 20747<br>2) Xlibris Corporation, International Plaza II, Suite 340, Philadelphia, PA 19113 |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___11001___<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___Prince George's___<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Tami L. Taylor<br>1875 I Street, N.W.<br>Washington, D.C. 20006<br>202-429-2031 | ATTORNEYS (IF KNOWN)<br>Sidney S. Friedman<br>Weinstock, Friedman & Friedman, P.A.<br>4 Reservoir Circle<br>Baltimore, Maryland 21208<br>410-559-9000<br>(Attorneys for Diana Harrison) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ● 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. *Antitrust***
☐ 410 Antitrust

○ **B. *Personal Injury/ Malpractice***
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. *Administrative Agency Review***
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

● **E. *General Civil (Other)***   OR   ○ **F. *Pro Se General Civil***

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding   ● 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Plaintiff has filed in tort for Invasion of Privacy, Commercial Misappropriation of One's Identity, Intentional Infliction of Emotional Distress, and Punitives.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 900,000.00   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE October 25, 2007   SIGNATURE OF ATTORNEY OF RECORD *Sidney L. Friedman*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TRACEY LUTHER
Vs.
DIANA HARRISON

C.A. No.   2007 CA 005977 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge THOMAS J MOTLEY
Date:  August 28, 2007
Initial Conference: 9:30 am, Friday, November 30, 2007
Location:  Courtroom 112
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001



Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

Tracey Luther
1229 E Capitol St. S.E.
Apt. 101, Washington, D.C.                    *Plaintiff*
vs.

Deana Harrison
7624 Portland Dr
District Heights, MD
20747                                          *Defendant*

Civil Action No. 0005977-07

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court, in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Clerk of the Court

_____
Name of Plaintiff's Attorney

_____
Address

_____
Telephone

By _____
   Deputy Clerk

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| TRACEY LUTHER<br>4229 East Capitol Street, S.E.<br>Apt. 101<br>Washington, D.C. 20019 | )<br>)<br>)<br>) | CASE NO.  0005977-07 |
| Plaintiff, | )<br>) | |
| vs. | ) | |
| DIANA HARRISON<br>2634 Parkland Drive<br>District Heights, Maryland 20747 | )<br>)<br>)<br>) | |
| and | ) | |
| XLIBRIS CORPORATION<br>Resident Agent:<br>International Plaza II, Suite 340<br>Philadelphia, PA 19113-1513, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |



RECEIVED
Civil Clerk's Office
AUG 28 2007
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

NOW COMES, Plaintiff Tracey Luther, by and through her attorney Tami L. Taylor, and respectfully represents to this Honorable Court that:

### I. JURISDICTION AND VENUE

1. The Court has jurisdiction and venue of this subject and the parties herein is appropriate pursuant to the Due Process Clause of the United States Constitution and Section 13-423(a)(4) of the District of Columbia long-arm statute.

### II. PARTIES

2. Plaintiff, Tracey Luther is an adult citizen of the United States and a resident of the District of Columbia, and employed as a youth counselor in the District of Columbia, active member of her church and community, and mother.

1

3. In 2006, Defendant, Diana Harrison, a citizen of Prince George's County, Maryland authored, manufactured, marketed and sold a nonfiction and biographical novel titled *"1409"* ("Book") depicting her residency in 14 unit apartment building located on G Street, N.E., during the 70 and 80s.

4. Defendant Xlibris Corporation, a company incorporated in the Pennsylvania and doing business in the District of Columbia, is the online print-on-demand publisher of the book 1409.

### III.   STATEMENT OF FACTS

5. During the period from 1986 through 1992, Plaintiff Tracey Luther, a native Washingtonian, resided with her grandmother at 1417 G Street, N.E., Washington, D.C., where she became seriously addicted to dangerous narcotics and controlled substances

6. Because of her chronic addiction, Plaintiff became severely depressed and unemployed, culminating in her engaging in prostitution and other embarrassing, degrading and illicit activities in and around G Street, N.E. and the Washington, D.C, area, which further endangered her mental and physical health.

7. In or around 1997, after years of struggling with her addiction and several attempts to rehabilitate her from drug usage, Plaintiff finally became sober.

8. Since her ten years of sobriety, Plaintiff has been gainfully employed to include at employment at a major bank, and presently, as a youth counselor where she counsels troubled and incarcerated youth males transitioning from Oak Hill juvenile facility on issues related to drug use, criminal activities, sexual abuse and anger management issues.

9. Additionally, Plaintiff has become an active member in her church and in the community where she currently resides to include, neighborhood and school activities for her minor children.

10. In and around 2007, Plaintiff was informed by a former neighbor that resides in or

around 1409 G Street, N.E., that Defendant Harrison had published a book called *"1409"* ("Book") about the period that Defendant resided at the apartment complex 1409 G Street, N.E., and that Defendant had mentioned Plaintiff by name in the Book.

11. Plaintiff was given a copy of the Book by a Washington, D.C. resident who recognized her, and Plaintiff instantly recognized Defendant author, and many of the characters and the events in the Book.

12. When Plaintiff read page 67, where Defendant stated that,

> "He was also a sucker for the crack head girls in the neighborhood. . . Mostly he had Tracy, Trina, and Tiny in the building, and, yes he was doing all three of them. . . All three of them had children and needed the money for whatever because as fast they would get their check and stamps, they would sell the stamps because I brought [sic] lots of stamps from all three of those winches,"

she recognized that Defendant had identified her, along with her cousin and former acquaintance by their natural/first and /or nicknames.

13. Further, on pages 68 through 69, not only did Defendant identify Plaintiff by her name, she recounts an actual incident involving she and Plaintiff, where she fought Plaintiff for apparently visiting a neighbor in the apartment complex, she specifically states,

> "I snatched her by her hair and slammed her into the basement door . . . she bit me on the left breast . . . Man, I had to get her mouth off my breast . . . I started banging that bitch's head with everything I had . . . I slung her ass to the floor . . she had no underwear on . . . we could see her body. I wanted to kill this bitch."

14. Plaintiff was never contacted by Defendants for the purposes of obtaining her authorization with respect to using her name, likeness and/or recounting this most embarrassing incident as described by Defendant.

15. Plaintiff was extremely embarrassed and horrified that Defendants revealed personal and

private matters about her life without taking any kind of precautions to protect her identity as Defendants apparently undertook by changing some of the names of the characters in her book.

16. Defendants have marketed and sold the Book for profit in the amount of $17.84-27.89 on the INTERNET, Amazon.com, Black Expressions, Borders, Barnes and Nobles and Defendant Xlibris' website.

17. Defendants have marketed and sold the Book nationally and in and around the Greater Washington, D.C. area, where Plaintiff and her family currently resides.

18. The information depicted in Defendants' Book has caused Plaintiff severe distress and embarrassment as it is of such a personal and private nature that others reading it can identify her and attribute her former negative activities while she was addicted to drugs to her and her present mental and physical state., thus jeopardizing her rehabilitation and image in the community and in her family.

## COUNT I-INVASION OF PRIVACY

19. Plaintiff hereby incorporates by this reference paragraphs 1 through 18 inclusive of this complaint as though set forth fully herein.

20. In 2006, and continuing, Defendants knowingly, recklessly or negligently disclosed, exploited, misappropriated and/or engaged in widespread commercial usage of confidential and private information concerning the personal affairs of plaintiff when they published the nonfiction novel *1409* by identifying Plaintiff by her natural name "Tracy" and communicating Plaintiff private and former addiction to drugs by referring to her as "crack head," without Plaintiff's consent.

21. Defendants knowingly, recklessly or negligently disclosed, exploited, misappropriated and/or engaged in widespread commercial usage of confidential and private information concerning the personal affairs of plaintiff when they published the nonfiction novel 1409 by alluding to illegal activities to include Plaintiff engaging in welfare fraud by selling her food stamps, and that Plaintiff

engaged in welfare fraud by selling her food stamps and prostitution for the purposes of obtaining drugs, without Plaintiff's consent.

22. Without Plaintiff's consent, Defendants, knowingly, recklessly or negligently disclosed, exploited, misappropriated and/or engaged in widespread commercial usage of confidential and private information concerning the personal affairs of plaintiff when they stated in the Book that Plaintiff and Defendant were engaged in an embarrassing and brutal physical altercation that left Plaintiff naked in public.

23. Plaintiff had a right to expect that allegations about her past would not be made public as there was no legitimate interest in disclosing them to public.

24. Defendants' actions, as set forth above, constitute an outrageous, unwarranted and unjustified invasion of Plaintiff's right to privacy.

25. As such, Plaintiff has suffered as a result of Defendants' conduct and seeks compensatory damages in the sum of $400,000 against these defendants jointly and severally.

**COUNT II-COMMERCIAL MISAPPROPRIATION OF ONE'S IDENTITY**

26. Plaintiff hereby incorporates by this reference paragraphs 1 through 25 inclusive of this complaint as though set forth fully herein.

27. Defendants misappropriated Plaintiff's name and/or identity as she did not have any authorization in the form of a release and/or waiver and as evidenced on pages 67-69 for the purposes of selling her book.

28. Defendants engaged in the sale of the book for $17.84-27.89 on the INTERNET, Amazon.com, Black Expressions, Borders, Barnes and Nobles and Defendant Xlibris' website, thus profiting from the use of Plaintiff's name, image and likeness.

29. As such, Plaintiff has suffered as a result of Defendants' conduct and seeks damages in the sum of $200,000 against these Defendants jointly and severally.

## COUNT III-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiff hereby incorporates by this reference paragraphs 1 through 29 inclusive of this complaint as though set forth fully herein.

31. Defendant Harris use of Plaintiff's name and revelation of personal information regarding Plaintiff was done for malicious purposes as she could have changed Plaintiff's name.

32. Defendant Harris' conduct of using Plaintiff's name and revealing intimate and embarrassing personal details about her in a book that Defendants disseminated and sold to the public was unreasonable, outrageous and extremely cruel, humiliating and embarrassing to Plaintiff.

33. As such, Plaintiff seeks compensatory damages in the amount of $200,000 against Defendants jointly and severally for this outrageous and egregious conduct.

## COUNT IV-PUNITIVE DAMAGES

34. Plaintiff hereby incorporates by this reference paragraphs 1 through 33 inclusive of this complaint as though set forth fully herein.

35. Defendants conduct was extreme and grossly embarrassing to Plaintiff as she is a mother, a youth counselor and a citizen in good standing in the community, where such personal revelations in Defendants' book caused her embarrassment, both public and private, and severe hardship.

36. As such, Plaintiff seeks punitive damages in the amount of $100,000 against Defendants, jointly and severally as Defendants' conduct was grossly outrageous and humiliating.

WHEREFORE, Plaintiff Tracey Luther respectfully requests that this Honorable Court grant her the following relief:

A. An award of compensatory damages against both Defendants, Diane Harris and Xlibris Corporation in the amount of $800,000.

B. An award of punitive damages against both Defendants, Diane Harris and Xlibris Corporation in the amount of $100,000.

C. And other relief against these Defendants as it deems appropriate.

## JURY DEMAND

Tracey Luther demands a jury trial on all issues appropriate for jury resolution.

I HEREBY CERTIFY THAT UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING COMPLAINT FOR ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
Tracey Luther, Plaintiff/ Petitioner

_____
Tami L. Taylor, Esq.
1875 I Street, N.W.
Washington, D.C. 20006
Telephone:   (202) 429-2031
             (202) 253-4623

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| TRACEY LUTHER<br>4229 East Capitol Street, S.E.<br>Apt. 101<br>Washington, D.C. 20019<br><br>    Plaintiff<br><br>v.<br><br>DIANA HARRISON<br>2634 Parkland Drive<br>District Heights, Maryland 20747<br><br>   and<br><br>XLIBRIS CORPORATION<br>International Plaza II, Suite 340<br>Philadelphia, Pennsylvania 19113 | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*   Case No.: 0005977-07<br>* |

*******************************************************************

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:   Clerk of the Court

    PLEASE TAKE NOTICE that Diana Harrison, Defendant, on October 25, 2007, removed the above-captioned action from the Superior Court for the District of Columbia, where it was originally filed, to the United States District Court for the District of Columbia.

    Attached hereto as Exhibit A, and made a part hereof, is a copy of the Notice of Removal that was filed in the United States District Court.

1



_____
Sidney S. Friedman
DC Bar No.: 464753

WEINSTOCK, FRIEDMAN
& FRIEDMAN, P.A.
Executive Centre
4 Reservoir Circle
Baltimore, Maryland 21208
(410) 559-9000
1-800-999-8286
(410) 559-9009 Fax
ssf@weinstocklegal.com

Attorneys for Defendant Diana Harrison

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this __25__ day of October 2007, a copy of the foregoing Notice of Removal was served, via first-class mail, postage prepaid, upon:

Tami L. Taylor
1875 I Street, N.W.
Washington, D.C. 20006
Attorney for Plaintiff

Xlibris Corporation
International Plaza II
Suite 340
Philadelphia, Pennsylvania 19113

_____
Sidney S. Friedman

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208

2