UNITED STATES DISTRICT C0URT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| TRACEY LUTHER | * |
| 4229 East Capitol Street, S.E. | * |
| Apt. 101 | * |
| Washington, D.C. 20019 | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * |
| | * |
| DIANA HARRISON | * |
| 2634 Parkland Drive | * |
| District Heights, Maryland 20747 | * |
| | * |
| and | * |
| | * |
| XLIBRIS CORPORATION | * |
| International Plaza II, Suite 340 | * |
| Philadelphia, Pennsylvania 19113 | *   Civil Action No.: |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER

NOW COMES, Diana Harrison, Defendant, by and through her attorneys, Sidney S. Friedman, Rosemary E. Allulis, and Weinstock, Friedman & Friedman, P.A., and in Answer to the Plaintiff's Complaint, states as follows:

1. Ms. Harrison is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and on that basis denies them.

2. Ms. Harrison is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and on that basis denies them.

3. In Answer to Paragraph 3 of the Complaint, Ms. Harrison admits that she

authored a nonfictional novel entitled, "1409." Ms. Harrison denies that this novel depicts her actual residency or any facts or events depicting actual persons living in or about the 14 unit apartment building located in G Street, N.E.. In further Answer, Ms. Harrison states that this novel is fiction, with ideas for the book loosely taken from her residency in this apartment building. It was actually written in approximately the late 1970's and the early 1980's, and was copyrighted on March 14, 1996, when Ms. Harrison submitted Short Form TX to the copyright office. When Ms. Harrison submitted the book to Xlibris Corporation for publication, it was again submitted to the copyright office by the publisher on or about October 27, 2006, using Form TX, as part of the publisher's required process. The book is manufactured, marketed and sold through the publishing company, Xlibris, which is a print-on-demand company.

      4.     Ms. Harrison admits the allegations contained in Paragraph 4 of the Complaint.

      5.     Ms. Harrison is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and on that basis denies them.

      6.     Ms. Harrison is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and on that basis denies them.

      7.     Ms. Harrison is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and on that basis denies them.

      8.     Ms. Harrison is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and on that basis denies them.

      9.     Ms. Harrison is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and on that basis denies them.

      10.    Ms. Harrison is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 10 of the Complaint, and on that basis denies them. In further Answer, Ms. Harrison states that one character in her book, named "Tracy," is not based upon the Plaintiff, "Tracey."

11. Ms. Harrison is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and on that basis denies them.

12. In Answer to Paragraph 12 of the Complaint, Ms. Harrison admits that the indented passage is taken from her book, but denies the remaining allegations contained in Paragraph 12.

13. In Answer to Paragraph 13 of the Complaint, Ms. Harrison admits that the indented passage is taken from her book, but denies the remaining allegations contained in Paragraph 13.

14. In Answer to Paragraph 14 of the Complaint, Ms. Harrison admits that she has never contacted Plaintiff. In further Answer, Ms. Harrison denies that she was required to obtain any authorization from Plaintiff for any purpose; this book is fiction. Ms. Harrison denies the remaining allegations contained in Paragraph 14.

15. Ms. Harrison denies the allegations contained in Paragraph 15 of the Complaint.

16. In Answer to Paragraph 16 of the Complaint, Ms. Harrison admits that the book is marketed through Xlibris Corporation, and admits that she has sold copies of the book. Ms. Harrison denies the remaining allegations contained in Paragraph 16.

17. In Answer to Paragraph 17 of the Complaint, Ms. Harrison admits that the book is marketed through Xlibris Corporation, and admits that she has sold copies of the book. Ms. Harrison

denies the remaining allegations contained in Paragraph 17.

18. Ms. Harrison denies the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 is an incorporation by reference that does not require a response.

20. Ms. Harrison denies the allegations contained in Paragraph 20 of the Complaint.

21. Ms. Harrison denies the allegations contained in Paragraph 21 of the Complaint.

22. Ms. Harrison denies the allegations contained in Paragraph 22 of the Complaint.

23. Ms. Harrison denies the allegations contained in Paragraph 23 of the Complaint.

24. Ms. Harrison denies the allegations contained in Paragraph 24 of the Complaint.

25. Ms. Harrison denies the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 is an incorporation by reference that does not require a response.

27. Ms. Harrison denies the allegations contained in Paragraph 27 of the Complaint.

28. Ms. Harrison denies the allegations contained in Paragraph 28 of the Complaint.

29. Ms. Harrison denies the allegations contained in Paragraph 29 of the Complaint.

30. Paragraph 30 is an incorporation by reference that does not require a response.

31. Ms. Harrison denies the allegations contained in Paragraph 31 of the Complaint.

32. Ms. Harrison denies the allegations contained in Paragraph 32 of the Complaint.

33. Ms. Harrison denies the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 is an incorporation by reference that does not require a response.

35. Ms. Harrison denies the allegations contained in Paragraph 35 of the Complaint.

36. Ms. Harrison denies the allegations contained in Paragraph 36 of the Complaint.

37. All substantive allegations contained in the Complaint not specifically admitted are herein denied.

## AFFIRMATIVE DEFENSES

38. Plaintiff has failed to state a claim upon which relief may be granted.

39. Plaintiff's claims are barred by the doctrine of unclean hands.

40. Plaintiff's claims are barred by contract.

41. Plaintiff has failed to mitigate her damages.

42. Plaintiff's claims are barred by the statute of limitations.

43. Plaintiff's claims are barred by laches.

44. Ms. Harrison incorporates by references any and all affirmative defenses raised by any other defendant in this matter.

45. Ms. Harrison reserves the right to assert additional affirmative defenses as the basis therefore become known, including at the trial of this matter.

I HEREBY CERTIFY UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING ANSWER TO COMPLAINT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

_____          10/23/07
Diana L. Harrison, Defendant          Date

5

Respectfully submitted,

*/s/ Sidney S. Friedman*
Sidney S. Friedman
Federal Bar No.: 464753

Rosemary E. Allulis
Federal Bar No.: 26625

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208
(410) 559-9000
(410) 559-9009 Fax
ssf@weinstocklegal.com

Attorneys for Defendant Diana Harrison

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___25___ day of October 2007, a copy of the foregoing Answer of Diana Harrison was served via first-class mail, postage prepaid, upon:

Tami L. Taylor
1875 I Street, N.W.
Washington, D.C. 20006
Attorney for Plaintiff

Xlibris Corporation
International Plaza II
Suite 340
Philadelphia, Pennsylvania 19113

_____
Rosemary E. Allulis

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208