### UNITED STATES DISTRICT C0URT
### FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | |
|---|---|
| **TRACEY LUTHER** | * |
| | * |
| **Plaintiff** | * |
| | * |
| **v.** | * |
| | * |
| **DIANA HARRISON, et al** | * |
| | * |
| **Defendants** | *      **Civil Action No.: 07-CV-01925 (TFH)** |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

NOW COMES, Diana Harrison, Defendant, and by and through her attorneys, Sidney S. Friedman, Rosemary E. Allulis, and Weinstock, Friedman & Friedman, P.A., and pursuant to Federal Rule 37, and Local Rule 26.2(a), herein moves the Court to enter an Order for to compel Plaintiff to comply with written discovery, and an Order for sanctions for Plaintiff's complete failure to provide the rule 26(a) Initial Disclosures, complete failure to respond to Requests for Production of Documents, and other prejudicial conduct, and for good cause states as follows:

1.      On December 18, 2007, the Court entered a Scheduling Order.

2.      The Order specified that the parties shall provide the initial disclosures required by Rule 26 no later than January 15, 2008.

3.      Additionally, the Order specified that written discovery was to be served no later than February 15, 2008.

4.      In accordance with this Court's Scheduling Order, Defendant Harrison served her Rule 26(a) initial disclosures upon Plaintiff by mailing a copy to Plaintiff's attorney on January

1

10, 2008.

5.     Although Plaintiff was mandated by this Court's Order to provide her Rule 26(a) initial disclosures by January 15, 2008, to date, they have not been provided.

6.     Plaintiff's attorney did not contact Defendants attorneys to request an extension, to request a joint modification of the Scheduling Order, or to explain the delay.

7.     On January 21, 2008, Defendant's attorney sent a letter to Plaintiff's attorney requesting the initial disclosures by the end of that week.  *See* Exhibit 1.

8.     No response was received, nor were the initial disclosures.

9.     Thereafter, on February 29, 2008, Defendant's attorney sent another letter to Plaintiff's attorney requesting the initial disclosures, and indicating that Defendant would file the appropriate motions with the Court if they were not received.  *See* Exhibit 2.

10.     On March 5, 2008, Plaintiff's attorney then telephoned Defendant's attorney and stated that she would provide the initial disclosures by that Friday, which was March 7, 2008.

11.     As of the date of this filing, however, the initial disclosures have never been provided.

12.     Additionally, in accordance with this Court's Scheduling Order, Defendant Harrison served written discovery requests upon Plaintiff, by mailing a copy of Interrogatories and Request for Production of Documents to Plaintiff's attorney on January 22, 2008.

13.     The responses were due within 30 days.

14.     Because the responses were not timely received, through the February 29, 2008 correspondence, Defendant's attorney also requested Plaintiff's discovery responses by March 7, 2008, and indicated that Defendant would file the appropriate motions with the Court if they

were not received.  *See* Exhibit 2.

15.     During the March 5, 2008 telephone conversation, Plaintiff's attorney indicated that Plaintiff had been ill, and that the responses would be sent on March 7, 2008.

16.     Plaintiff's attorney never contacted Defendant's attorneys to explain the reason for the delay, or to request an extension, especially given that two letters were sent requesting these materials in accordance with the Scheduling Order, with no response until after the second letter was sent.  Therefore, there was no substantial justification for the complete failure to provide the initial disclosures or the written discovery responses.

17.     On March 13, 2008, Plaintiff's attorney emailed unexecuted Answers to Interrogatories to Defendant's attorney.  No responses to the Request for Production of Documents has ever been received.

18.     Thereafter, on March 25, 2008, Defendant's attorney sent another letter to Plaintiff's attorney requesting the executed Answers and the Responses to Document Requests. *See* Exhibit 3.

19.     On April 4, 2008, Defendant's attorney telephoned Plaintiff's attorney to discuss Plaintiff's failure to comply with discovery, and to state Defendant's intention to file the Motion to Compel and for Sanctions on that day.  At Plaintiff's attorney's request, Defendant's attorney agreed to hold off on filing the Motion until later that afternoon, while Plaintiff's attorney discussed dismissing the case with her client.  Later that day, Plaintiff's attorney stated that Plaintiff did agree to dismiss the case.  In reliance upon that, Defendant's attorney did not file the discovery Motion.

20.     On April 9, 2008, Plaintiff's attorney sent a proposed Stipulation of Dismissal via

email, however, it needed some corrections, and it was without prejudice.

21.    Through written correspondence to Plaintiff's attorney the following day, Defendant's attorney stated that Defendant requested that the dismissal be with prejudice.  *See* Exhibit 4.

22.    On April 16, 2008, Defendant's attorney telephoned Plaintiff's attorney to discuss the dismissal and reiterated that Defendant would only agree to a dismissal with prejudice, and also mentioned that the discovery Motion was prepared and would be filed because Plaintiff was causing prejudice to Defendant.  Plaintiff's attorney stated that her client would agree to a dismissal with prejudice.  Based upon this representation, Defendant held off on filing the Motion.

23.    On April 21, 2008, Defendant's attorney emailed Plaintiff's attorney to inquire about the revised dismissal.  No response was received.  *See* Exhibit 5.

24.    On April 22, 2008, a follow-up letter was sent, attaching a proposed Stipulated Dismissal With Prejudice, signed by Defendant's attorneys, for use by Plaintiff.  No response was received.  *See* Exhibit 6.

25.    The following day, Plaintiff filed Plaintiff's Stipulation of Dismissal of Defendant Diana Harrison, which was most definitely <u>not</u> stipulated to by Defendant.  In response, earlier today, Defendant filed a Motion to Strike which is now pending before the Court.

26.    Throughout the conduct of this case, Plaintiff has failed to act in good faith. Plaintiff's conduct is prejudicing Defendant's ability to prepare her case, and is costing her additional attorneys fees unnecessarily.

27.    Plaintiff has failed to comply with this Court's Scheduling Order, as well as the

4

requirements of the Federal Rules of Civil Procedure.

28.     Plaintiff's failure to provide the initial disclosures prejudiced Defendant's ability to prepare her case, including the substance of the written discovery requests that would have been propounded had Plaintiff provided the initial disclosures.  Because the initial disclosures were never provided, Defendant's written discovery requests had to be drafted in an alternative form which would otherwise not been necessary.  Although Answers to Interrogatories were eventually provided, they were not executed by Plaintiff.  Plaintiff's Responses to Request for Production of Documents has never been produced, nor have the Initial Disclosures as previously mentioned.

29.     During conversations regarding Defendant's intention to file the instant Motion, it was represented to Defendant's attorney that Plaintiff would be dismissing this case.  On April 16, 2008, it was represented that the dismissal would be with prejudice.

30.     In reliance upon these representations, Defendant held off on filing this Motion, however, the developments of yesterday, namely, the filing of a stipulation of dismissal without prejudice that Defendant did not stipulate to, has necessitated the filing of this Motion.

31.     All discovery closed April 21, 2008.  Defendant should have been afforded the written discovery responses in order to prepare for a fruitful deposition of Plaintiff.  Additionally, Plaintiff has never served any discovery upon Defendant, and so Defendant should not suffer further delay in permitting discovery to be served outside the Scheduling Order.

32.     A complete failure of Plaintiff to provide the Rule 26(a) Initial Disclosures, and Request for Production of Documents, warrants the imposition of sanctions, which has now been further bolstered by yesterday's improper filing.

WHEREFORE, Diana Harrison, Defendant, requests this Honorable Court to:

A.     Enter an Order pursuant to Federal Rule 37(d) and 37(b)(2)(C), dismissing

Plaintiff's case in its entirety, with prejudice.

B.     Alternatively, enter an Order pursuant to Federal Rule 37(c)(1) and Local Rule

26.2(a) that Plaintiff may not use as evidence at trial, at a hearing, or on a motion,

any witness or information that was required to be disclosed in accordance with

Rule 26(a), and which was not disclosed;

C.     an Order pursuant to Federal Rule 37(c)(1), allowing Defendant to inform

the jury of Plaintiff's failure to make the initial disclosures;

D.     enter an Order pursuant to Federal Rule 37(d) and 37(b)(2)(B),

refusing to allow Plaintiff to support her claims as are set forth in her Complaint,

as well as prohibiting Plaintiff from introducing any documents into evidence

which were requested by Defendant in her discovery requests.

E.     Alternatively, enter an Order compelling Plaintiff to provide responses to the

written document requests within five days;

F.     Defendant also requests reasonable attorneys fees incurred in the drafting and

filing of this Motion.


Respectfully submitted,


Sidney S. Friedman /s/
Sidney S. Friedman

6

D.C. Federal Bar No.: 464753

<u>Rosemary E. Allulis /s/</u>
Rosemary E. Allulis
Federal Bar No.: 26625

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208
(410) 559-9000
(410) 559-9009 Fax
ssf@weinstocklegal.com
rea@weinstocklegal.com

Attorneys for Defendant Diana Harrison

**UNITED STATES DISTRICT C0URT**
**FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

| | | |
|---|---|---|
| **TRACEY LUTHER** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **DIANA HARRISON, et al** | * | |
| | * | |
| **Defendants** | * | **Civil Action No.: 07-CV-01925 (TFH)** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS</u>

Federal Rule 26(a) requires the automatic disclosure of four categories of information, including individuals likely to possess discoverable information that the disclosing party may use to support its claims or defenses, the identity of documents that the disclosing party may use to support its claims or defenses, and a computation of any category of damages claimed, including the production of non-privileged documents supporting the computation. Fed. R. Civ. Pro. 26(a). Furthermore, if a party fails to provide the initial disclosures, as are required by Federal Rule 26(a) without substantial justification, then pursuant to Federal Rule 37(c)(1), the party "is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion, any witness or information not so disclosed." Fed. Rule Civ. Pro. 37(c)(1).

In this case, the Rule 26(a) initial disclosures were required to be produced by each party by January 15, 2008, as is set forth in the Court's Scheduling Ordered issued on December 18,

2007.  Despite several requests for Plaintiff to provide her initial disclosures, as of the date of

this filing, they have not been provided.  The Scheduling Order encompasses the dates that were

agreed to by the parties, and regardless, is an Order that must be adhered to.  *Olgyay v. Soc'y for*

*Envtl. Graphic Design, Inc.*, 169 F.R.D. 219, 220 (D.D.C.1996).  The Scheduling Order "shall

not be modified except upon a showing of good cause and by leave of the district judge."  Fed.

Rule Civ. Pro. 16(b).

In compliance with the Scheduling Order, Defendant produced her initial disclosures, and

served written discovery upon the Plaintiff.  Written discovery was to be served by February 15,

2008.  Defendant served her discovery requests on January 22, 2008.[1]  To date, Plaintiff has

failed to respond to Defendant's Request for Production of Documents, nor did Plaintiff request

an extension of time within which to provide her responses.   After two letters were sent to

Plaintiff's counsel on January 21 and February 29, 2008, Plaintiff's counsel did call Defendant's

counsel to state that Plaintiff had been ill, and that the materials would be forwarded on Friday,

March 7th.  However, the Responses to Document Requests have not been received, and the

Answers to Interrogatories have never been executed by Plaintiff.

Plaintiff has completely failed to comply with the Scheduling Order and the Federal

Rules.  The initial disclosures are required for a reason.  Defendant was unable to utilize the

information that should have been provided in the initial disclosures in order to formulate her

written discovery requests.  Therefore, Defendant has been prejudiced.  Additionally, all

discovery closed on April 21, 2008.  Defendant has been unable to prepare for Plaintiff's

deposition without having first had the opportunity to review Plaintiff's responses to written

---

[1] Plaintiff did not propound any written discovery requests upon Defendant.

discovery.  Therefore, Defendant has been further prejudiced.  Defendant should not be forced to depose Plaintiff blindly.

Finally, after Plaintiff was informed that Defendant intended to file the instant Motion, it was represented that Plaintiff would be dismissing this case, making the filing of this Motion unnecessary.  As stated above, and in Defendant's Motion to Strike, instead of filing a dismissal with prejudice, which Defendant would agree to, Plaintiff filed what was termed a "stipulated" dismissal without prejudice.  This was in direct contradiction to the discussions between counsel, and if allowed to stand is absolutely prejudicial to Defendant.  As is set forth herein, Plaintiff has not conducted this litigation in good faith; she has failed to comply with the Scheduling Order and has not been cooperative with discovery.  Defendant should not be put in a position whereby Plaintiff can fail to comply with the rules of this Court, dismiss her case without prejudice, only to re-file against Defendant at some later date.  Defendant has attempted to move this case along in good faith, and opposes further delay, cost, and disruption to her life that protracted litigation can cause.

The Court has broad discretion regarding whether to impose sanctions for a failure to comply with discovery or to provide the initial disclosures.  *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C.C.1996).  Pursuant to Federal Rule 37(a), "upon reasonable notice to other parties...[a party] may apply for an order compelling...discovery if...a party fails to answer an interrogatory submitted under Rule 33, or in response to a request for inspection submitted under Rule 34 fails to respond...."  Fed. Rule Civ. Pro. 37(a).  In addition, pursuant to Federal Rule 37(b), (c) and (d), the Court has the discretion to enter an order imposing a variety of sanctions.  Fed. Rule Civ. Pro. 37(b), (c), (d).  However, if sanctions are imposed, the rules require that they

be just, with any sanction awarded proportional to the wrongs done. *Bonds*, 93 F.3d at 808.

"The choice of sanction should be guided by the 'concept of proportionality' between offense

and sanction." *Id.*

Due to Plaintiff's conduct in filing the improper dismissal that was not stipulated to, a

complete failure to provide the initial disclosures, and failure to provide Responses to Request

for Documents, Defendant has suffered prejudice, the proportionate sanction is a dismissal with

prejudice.

Not only has Plaintiff's conduct prejudiced Defendant's ability to prepare her case, it is

prejudicing her ability to move this case along so that it can be resolved and so that Defendant

can move on with her life.  Defendant should not be forced to seek an extension of the

Scheduling Order which would only serve to allow this case to drag on unnecessarily.  There has

been no showing of any diligence on Plaintiff's part whatsoever to even attempt to comply with

the Scheduling Order.  Indeed, even if Plaintiff was ill, there was no response to the January 21st

letter, and at no time was there a request to modify the Scheduling Order, or to explain the delay,

or to request an extension within which to provide the initial disclosures or discovery responses,

which should have been requested before they were due.  *DAG Enters., Inc. v. Exxon Mobil

Corp.*, 226 F.R.D. 95, 106 (D.D.C.2005).  Given this, it cannot be said that Plaintiff has a

substantial justification for her complete failure to provide these materials.  In good faith,

Defendant has complied, even without having received Plaintiff's responses.  Likewise, there can

be no good faith shown in Plaintiff's improper filing, which appears to be nothing more than a

vehicle to avoid the inevitable.

For the above reasons, Defendant is seeking an Order dismissing this case with prejudice.

Alternatively, Defendant requests an Order precluding Plaintiff from using as evidence at trial or motion, any witness or information not disclosed as an initial disclosure, as well as an Order compelling responses to Defendant's written document requests within five days.  Fed. Rule Civ. Pro. 26(a); 37(b)(2)(A), (B), (C); 37(c)(1); 37(d); Local Rule 26.2(a); *see also, Calkins v. Pacel Corp.,* 2008 WL 149141, *slip copy* (W.D.Va. 2008); *U.S. v. M & T Mortgage Corp.,* 518 F.Supp.2d 108 (D.D.C.2007); *Myrdal v. District of Columbia,* 2007 WL 1655875, *slip copy* (D.D.C. 2007).

Respectfully submitted,


Sidney S. Friedman /s/
Sidney S. Friedman
D.C. Federal Bar No.: 464753

Rosemary E. Allulis /s/
Rosemary E. Allulis
Federal Bar No.: 26625

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208
(410) 559-9000
(410) 559-9009 Fax
ssf@weinstocklegal.com
rea@weinstocklegal.com

Attorneys for Defendant Diana Harrison

**UNITED STATES DISTRICT C0URT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)**

| | | |
|---|---|---|
| **TRACEY LUTHER** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **DIANA HARRISON, et al** | * | |
| | * | |
| **Defendants** | * | **Civil Action No.: 07-CV-01925 (TFH)** |
| | * | |

*****************************************************************************

## ATTORNEY CERTIFICATION OF GOOD FAITH EFFORTS IN COMPLIANCE WITH FEDERAL RULE 37 AND LOCAL RULE 7(m)

I, Rosemary E. Allulis, attorney of record for Diana Harrison, Defendant, hereby certifies that I have, in good faith, attempted to confer with the attorney for Plaintiff in an attempt to secure the discovery materials without court action, and to discuss the anticipated filing of this Motion, as follows:

1.     On January 21, 2008, I sent a letter to Plaintiff's attorney requesting the initial disclosures by the end of that week.  *See* Exhibit 1.

2.     On February 29, 2008, I sent a letter to Plaintiff's attorney requesting Plaintiff's responses by March 7, 2008, and indicating that Defendant would file the appropriate motions with the Court if they were not received.  *See* Exhibit 2.

3.     On March 5, 2008, Plaintiff's attorney telephoned me and stated that she would provide the initial disclosures by that Friday, which was March 7, 2008.

4.     When the materials were still not received, I telephoned Plaintiff's attorney on

13

March 12, 2008, once in the morning, and again in the afternoon, and again on March 13, 2008, but could not reach her. Plaintiff's attorney did call later in the day on March 13th, and emailed me unexecuted Answers to Interrogatories that evening.

5.    I sent another letter to Plaintiff's attorney on March 25, 2008, requesting the executed Answers and Responses to Document Requests. *See* Exhibit 3.

6.    On April 4, 2008, I telephoned Plaintiff's attorney to discuss Plaintiff's failure to comply with discovery, and to state Defendant's intention to file the Motion to Compel and for Sanctions on that day. I was informed that Plaintiff would be dismissing this case.

7.    On April 9, 2008, Plaintiff's attorney sent a proposed Stipulation of Dismissal to me via email, however, it needed some corrections, and the dismissal was without prejudice.

8.    On April 10, 2008, I sent a letter to Plaintiff's attorney requesting that the dismissal be with prejudice.

9.    On April 16, 2008, I telephoned Plaintiff's attorney to discuss the dismissal and reiterated that Defendant would only agree to a dismissal with prejudice, and also stated that the discovery Motion was prepared and would be filed that day. Plaintiff's attorney stated that her client would agree to a dismissal with prejudice. Based upon this representation, Defendant held off on filing the Motion.

10.    On April 21, 2008, I emailed Plaintiff's attorney to inquire about the revised dismissal. No response was received.

11.    On April 22, 2008, I sent a follow-up letter, and attached a proposed Stipulated Dismissal With Prejudice, signed by me and Sidney Friedman, Defendant's attorneys, for use by Plaintiff. No response was received.

14

12.     I did not hear back from Plaintiff's attorney until Plaintiff filed the dismissal without prejudice on April 23, 2008.

13.     Upon seeing this, I telephoned Plaintiff's attorney to discuss the filing, and she stated that Plaintiff would only agree to a dismissal without prejudice.  I stated that at no time did Defendant agree to such a stipulated dismissal.

14.     In an attempt to comply with Local Rule 7(m), letters were sent and messages were left regarding the discovery and the intent to file this Motion.

15.     Additionally, I called and discussed the filing of this Motion with Plaintiff's attorney on April 4, 2008; there was no consent to the relief sought by the Motion.

16.     On April 23, 2008, I called Plaintiff's attorney regarding Plaintiff's filing of the dismissal without prejudice, and the representation that it had been stipulated to.  I reiterated that Defendant had not stipulated to such a dismissal as it would be prejudicial to her, and Plaintiff's attorney indicated that a dismissal with prejudice was the only type of dismissal that Plaintiff would agree to.


                                  Rosemary E. Allulis /s/

_____

                                  Rosemary E. Allulis
                                  Federal Bar No.: 26625

                                  Weinstock, Friedman & Friedman, P.A.
                                  4 Reservoir Circle
                                  Baltimore, Maryland 21208
                                  (410) 559-9000
                                  (410) 559-9009 Fax
                                  rea@weinstocklegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April, 2008, a copy of Defendant's Motion to Compel and for Sanctions was served via electronic filing, upon:

Tami L. Taylor
1875 I Street, N.W., Suite 557
Washington, D.C. 20006
Attorney for Plaintiff

Sidney S. Friedman /s/
Sidney S. Friedman
D.C. Federal Bar No.: 464753

Rosemary E. Allulis /s/
Rosemary E. Allulis
Federal Bar No.: 26625



# LAW OFFICES
# WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A.

EXECUTIVE CENTRE
4 RESERVOIR CIRCLE
BALTIMORE, MD 21208-7301

410-559-9000
FAX: 410-559-9009
NORTHERN VA, DC & MD SUBURBS
800-999-8286

WWW.WEINSTOCKLEGAL.COM

**PARTNERS**
SIDNEY S. FRIEDMAN (MD, DC)
EDWARD J. FRIEDMAN (MD, DC, VA)
JEFFREY M. LIPPMAN (MD, DC)

**OF COUNSEL**
MELVYN J. WEINSTOCK

**MANAGING ATTORNEYS**
ILONA M. FISHER
WILLIAM H. THRUSH, JR. (MD, DC)

**ATTORNEYS**
GREG I. ROSE (MD, DC, PA, VA)
MICHAEL W. MOORE (MD, DC)
CRAIG A. SCHOENFELD
CHRISTINE GAGE
SHANNON B. KRESHTOOL (MD, DC)
H. JEFFREY ZIEGLER (MD, DC)
DENISE L. KINNARD
JOHN R. ROSSBACH
J C AMOS (MD, WV)
JASON E. SOLOMON (MD, DC)
OWEN BLUM (MD, DC)
WALTER D. TV
REBECCA A. CARTER
JAMIE B. GLICK (MD, DC)
KIMBERLY A. SAXON
VICTOR A. LEMBO
MELISSA L. FRENTZ
LISA D. ETLINGER
LISA L. GEIER
LISA M. GOLDBLATT (MD, DC, NY)
DARLENE T. DAVIES
LAYLA SAID
JORDAN I. SELZER (MD, DC)
D. WILLIAM BROOKE (MD, DC)
TAMARSHA D. HARRIS (MD, NY, NJ)
SUZAN A. PHILLIPS (MD, MA, JAMAICA)
WAYNE G. GRACEY (MD, PA)
ROSEMARY E. ALLULIS

January 21, 2008

Ms. Tami L. Taylor
Attorney-At-Law
1875 I Street, N.W., Suite 557
Washington, D.C. 20006

Re:    Luther v. Harrison
       U.S. Federal District Court for the
       District of Columbia
       Rule 26 Initial Disclosures

Dear Ms. Taylor,

I have not received your client's Rule 26 Initial Disclosures. As you are aware, pursuant to the Scheduling Order, these were due no later than January 15, 2008. To date, I have not received them, nor have you requested an extension. Accordingly, please forward them to me by the end of the week. If you have already sent them, then you may ignore this correspondence. Thank you for your anticipated cooperation.

Very truly yours,

WEINSTOCK, FRIEDMAN
& FRIEDMAN, P.A.

Rosemary E. Allulis

cc:

Diana Harrison
2634 Parkland Drive
District Heights, Maryland 20747

DEFENDANT'S
EXHIBIT
1
ALL-STATE LEGAL



# LAW OFFICES
## WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A.

EXECUTIVE CENTRE
4 RESERVOIR CIRCLE
BALTIMORE, MD 21208-7301

410-559-9000
FAX: 410-559-9009
NORTHERN VA, DC & MD SUBURBS
800-999-8286

**WWW.WEINSTOCKLEGAL.COM**

PARTNERS
SIDNEY S. FRIEDMAN (MD, DC)
EDWARD J. FRIEDMAN (MD, DC, VA)
JEFFREY M. LIPPMAN (MD, DC)

OF COUNSEL
MELVYN J. WEINSTOCK
MARC E. SHACH

MANAGING ATTORNEYS
ILONA M. FISHER
WILLIAM H. THRUSH, JR. (MD, DC)

ATTORNEYS
GREG I. ROSE (MD, DC, PA, VA)
MICHAEL W. MOORE (MD, DC)
CRAIG A. SCHOENFELD
CHRISTINE GAGE
SHANNON B. KRESHTOOL (MD, DC)
H. JEFFREY ZIEGLER (MD, DC)
DENISE L. KINNARD
JOHN R. ROSSBACH
J C AMOS (MD, WV)
JASON E. SOLOMON (MD, DC)
OWEN BLUM (MD, DC)
WALTER D. TY
REBECCA A. CARTER
JAMIE B. GLICK (MD, DC)
KIMBERLY A. SAXON
VICTOR A. LEMBO
MELISSA L. FRENTZ
LISA D. ETTLINGER
LISA L. GEIER
LISA M. GOLDBLATT (MD, DC, NY)
DARLENE T. DAVIES
LAYLA SAID
JORDAN I. SELZER (MD, DC)
D. WILLIAM BROOKE (MD, DC)
TATARSHA D. HARRIS (MD, NY, NJ)
SUZAN A. PHILLIPS (MD, MA, JAMAICA)
WAYNE G. GRACEY (MD, PA)
ROSEMARY E. ALLUHS
BRIAN GREUTER

February 29, 2008

Ms. Tami L. Taylor
Attorney-At-Law
1875 I Street, N.W., 5th Floor
Suite 557
Washington, D.C. 20006

      Re:  Luther v. Harrison
          U.S. Federal District Court for the
          District of Columbia
          Rule 26 Initial Disclosures
          Outstanding Discovery Responses

Dear Ms. Taylor,

   Written discovery was propounded upon your client on January 21, 2008. As of today's date, I have not received your client's responses, nor have I received a request for an extension. Accordingly, please forward the responses to me by March 7, 2008.

   I also never received your client's Rule 26 Initial Disclosures, which pursuant to the Scheduling Order, were due no later than January 15, 2008. In that regard, I never received a response to my January 21, 2008 letter inquiring about the status.

   Your client's failure to adhere to the Court's Scheduling Order is prejudicing my client's ability to prepare her case. If necessary, we are prepared to file the appropriate motions with the Court.

        Very truly yours,

        WEINSTOCK, FRIEDMAN
        & FRIEDMAN, P.A.

        Rosemary E. Alluhs

cc:

Diana Harrison
2634 Parkland Drive
District Heights, Maryland 20747



DISTRICT OF COLUMBIA OFFICE  1413 K STREET, N.W., SUITE 1500, WASHINGTON, DC 20005
VIRGINIA OFFICE 10500 SAGER AVENUE, SUITE F, FAIRFAX, VA 22030 • OTHER LOCATIONS: YORK, PA; SILVER SPRING, FREDERICK & EASTON, MD



**LAW OFFICES**
# THE STOCK · FRIEDMAN & FRIEDMAN, P.A.

EXECUTIVE CENTRE
4 RESERVOIR CIRCLE
BALTIMORE, MD 21208-7301

410-559-9000
FAX: 410-559-9009
NORTHERN VA, DC & MD SUBURBS
800-999-8286

WWW.WEINSTOCKLEGAL.COM

PARTNERS
SIDNEY S. FRIEDMAN (MD, DC)
EDWARD J. FRIEDMAN (MD, DC, VA)
JEFFREY M. LIPPMAN (MD, DC)

OF COUNSEL
MELVIN J. WEINSTOCK
MARC E. SHACH

MANAGING ATTORNEYS
ILONA M. FISHER
WILLIAM H. THRUSH, JR. (MD, DC)

ATTORNEYS
GREG I. ROSE (MD, DC, PA, VA)
MICHAEL W. MOORE (MD, DC)
CRAIG A. SCHOENFELD
CHRISTINE GAGE
SHANNON B. KRESHTOOL (MD, DC)
H. JEFFREY ZIEGLER (MD, DC)
DENISE L. KINNARD
JOHN R. ROSSBACH
J C AMOS (MD, WV)
JASON E. SOLOMON (MD, DC)
OWEN BLUM (MD, DC)
WALTER D. TY
REBECCA A. CARTER
JAMIE B. GLICK (MD, DC)
KIMBERLY A. SAXON
VICTOR A. LEMBO
MELISSA L. FRENTZ
LISA D. ETLINGER
LISA L. GEIER
LISA M. GOLDBLATT (MD, DC, NY)
DARLENE T. DAVIES
LAYLA SAID
JORDAN I. SELZER (MD, DC)
D. WILLIAM BROOKE (MD, DC)
TATARSHA D. HARRIS (MD, NY, NJ)
SUZAN A. PHILLIPS (MD, MA, JAMAICA)
WAYNE G. GRACEY (MD, PA)
ROSEMARY E. ALLULIS
BRIAN GREUTER

March 25, 2008

Ms. Tami L. Taylor
Attorney-At-Law
1875 I Street, N.W., 5th Floor
Suite 557
Washington, D.C. 20006

          Re:     <u>Luther v. Harrison</u>
                  U.S. Federal District Court for the
                  District of Columbia
                  <u>Discovery Responses</u>

Dear Ms. Taylor,

     Although you did forward your client's Answers to Interrogatories, they were not executed. You had indicated that the executed version would be forthcoming, however, to date, we have still not received them. Additionally, your client's responses to Request for Production of Documents remains outstanding. At this point, we must insist that your client provide fully executed Answers as well as the Responses to Document Requests immediately.

     Your client's failure to adhere to the Court's Scheduling Order is prejudicing our client's ability to prepare her case. As stated previously, the appropriate motions were already drafted, and if necessary, will be filed with the Court.

Very truly yours,

WEINSTOCK, FRIEDMAN
& FRIEDMAN, P.A.

Rosemary E. Allulis

cc:

Diana Harrison
2634 Parkland Drive
District Heights, Maryland 20747

DEFENDANT'S
EXHIBIT
3
ALL-STATE LEGAL®



# LAW OFFICES
## WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A.
EXECUTIVE CENTRE
4 RESERVOIR CIRCLE
BALTIMORE, MD 21208-7301

410-559-9000
FAX: 410-559-9009
NORTHERN VA, DC & MD SUBURBS
800-999-8286

**WWW.WEINSTOCKLEGAL.COM**

**Partners**
SIDNEY S. FRIEDMAN (MD, DC)
EDWARD J. FRIEDMAN (MD, DC, VA)
JEFFREY M. LIPPMAN (MD, DC)

**Of Counsel**
MELVYN J. WEINSTOCK
MARC E. SHACH

**Managing Attorneys**
ILONA M. FISHER
WILLIAM H. THRUSH, JR. (MD, DC)

**Attorneys**
GREG I. ROSE (MD, DC, PA, VA)
MICHAEL W. MOORE (MD, DC)
CRAIG A. SCHOENFELD
CHRISTINE GAGE
SHANNON B. KRESHTOOL (MD, DC)
H. JEFFREY ZEGLER (MD, DC)
DENISE L. KINNARD
JOHN R. ROSSBACH
J C AMOS (MD, WV)
JASON E. SOLOMON (MD, DC)
OWEN BLUM (MD, DC)
WALTER D. TY
REBECCA A. CARTER
JAMIE B. GUCK (MD, DC)
KIMBERLY A. SAXON
VICTOR A. LEMBO
MELISSA L. FRENTZ
LISA D. ETTLINGER
LISA L. GEIER
LISA M. GOLDBLATT (MD, DC, NY)
DARLENE T. DAVIES
LAYLA SAID
JORDAN I. SELZER (MD, DC)
D. WILLIAM BROOKE (MD, DC)
TATARSHA D. HARRIS (MD, NY, NJ)
SUZAN A. PHILLIPS (MD, MA, JAMAICA)
WAYNE G. GRACEY (MD, PA)
ROSEMARY E. ALLULIS
BRIAN GREUTER

April 10, 2008

Ms. Tami L. Taylor
Attorney-At-Law
1875 I Street, N.W., 5th Floor
Suite 557
Washington, D.C. 20006
<u>Via US Mail and Fax 202-429-9574</u>

Re:   <u>Luther v. Harrison</u>
U.S. Federal District Court for the
District of Columbia
<u>Dismissal</u>

Dear Ms. Taylor,

    This letter is to follow-up on our recent conversation regarding your client's decision to dismiss this case. Although you did forward a notice of dismissal to me, I emailed you back regarding some changes; Sidney Friedman's name must be added, and my name was not spelled correctly. Additionally, pursuant to Rule 41, this dismissal will need to be actually signed by the attorneys for both parties to the action. Please forward a notice to us for signature.

    In that regard, I noted that the dismissal that you emailed to me was a dismissal without prejudice. Ms. Harrison should not be placed in the position whereby this lawsuit could be re-filed at some later date. Therefore, we request that this dismissal be with prejudice.

    Please respond back immediately upon receipt of this letter. The longer this case remains open, the more Ms. Harrison is being prejudiced. Thank you in advance for your anticipated cooperation.

Very truly yours,

WEINSTOCK, FRIEDMAN
& FRIEDMAN, P.A.

Rosemary E. Allulis

cc:

Diana Harrison
2634 Parkland Drive
District Heights, Maryland 20747



DEFENDANT'S
EXHIBIT
4

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              1997
CONNECTION TEL              12024299574
SUBADDRESS
CONNECTION ID
ST. TIME             04/10 14:51
USAGE T              00'18
PGS. SENT            1
RESULT               OK
```



## LAW OFFICES
# WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A.
### EXECUTIVE CENTRE
### 4 RESERVOIR CIRCLE
### BALTIMORE, MD 21208-7301

### 410-559-9000
### FAX: 410-559-9009
### NORTHERN VA, DC & MD SUBURBS
### 800-999-8286

### WWW.WEINSTOCKLEGAL.COM

April 10, 2008

PARTNERS
SIDNEY S. FRIEDMAN (MD, DC)
EDWARD J. FRIEDMAN (MD, DC, VA)
JEFFREY M. LIPPMAN (MD, DC)

OF COUNSEL
MELVYN J. WEINSTOCK
MARC E. SHACH

MANAGING ATTORNEYS
ILONA M. FISHER
WILLIAM H. THRUSH, JR. (MD, DC)

ATTORNEYS
GREG I. ROSE (MD, DC, PA, VA)
MICHAEL W. MOORE (MD, DC)
CRAIG A. SCHOENFELD
CHRISTINE GAGE
SHANNON B. KRESHTOOL (MD, DC)
H. JEFFREY ZIEGLER (MD, DC)
DENISE L. KINNARD
JOHN R. ROSSBACH
J C AMOR (MD, WV)
JASON E. SOLOMON (MD, DC)
OWEN BLUM (MD, DC)
WALTER D. TY
REBECCA A. CARTER
JAMIE B. GLICK (MD, DC)
KIMBERLY A. SAXON
VICTOR A. LEMBO
MELISSA L. FRENTZ
LISA D. ETTLINGER
LISA L. GEIER
LISA M. GOLDBLATT (MD, DC, NY)
DARLENE T. DAVIES
LAYLA SAID
JORDAN I. SELZER (MD, DC)
D. WILLIAM BROOKE (MD, DC)
TAMARSHA D. HARRIS (MD, NY, NJ)
SUZAN A. PHILLIPS (MD, MA, JAMAICA)
WAYNE G. GRACEY (MD, PA)
ROSEMARY E. ALLULIS
BRIAN GREUTER

Ms. Tami L. Taylor
Attorney-At-Law
1875 I Street, N.W., 5th Floor
Suite 557
Washington, D.C. 20006
Via US Mail and Fax 202-429-9574

Re:    Luther v. Harrison
       U.S. Federal District Court for the
       District of Columbia
       Dismissal

Dear Ms. Taylor,

This letter is to follow-up on our recent conversation regarding your client's decision to dismiss this case. Although you did forward a notice of dismissal to me, I emailed you back regarding some changes; Sidney Friedman's name must be added, and my name was not spelled correctly. Additionally, pursuant to Rule 41, this dismissal will need to be actually signed by the attorneys for both parties to the action. Please forward a notice to us for signature.

In that regard, I noted that the dismissal that you emailed to me was a dismissal without prejudice. Ms. Harrison should not be placed in the position whereby this lawsuit could be re-filed at some later date. Therefore, we request that this dismissal be with prejudice.

Please respond back immediately upon receipt of this letter. The longer this case remains open, the more Ms. Harrison is being prejudiced. Thank you in advance for your anticipated cooperation.

**Rosemary E. Allulis**

| | |
|---|---|
| **From:** | Rosemary E. Allulis |
| **Sent:** | Monday, April 21, 2008 12:59 PM |
| **To:** | 'Tami Taylor, Esq.' |
| **Subject:** | Luther v Harrison |

Tami -
   I am following up on the dismissal.  Please let me know what is going on with it, as electronic filing can be done in minutes.
Thanks

Rosemary E. Allulis
Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208
410-559-9000  vc
410-559-9009  fax



1



LAW OFFICES
# WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A.

EXECUTIVE CENTRE
4 RESERVOIR CIRCLE
BALTIMORE, MD 21208-7301

410-559-9000
FAX: 410-559-9009
NORTHERN VA, DC & MD SUBURBS
800-999-8286

WWW.WEINSTOCKLEGAL.COM

April 22, 2008

**PARTNERS**
SIDNEY S. FRIEDMAN (MD, DC)
EDWARD J. FRIEDMAN (MD, DC, VA)
JEFFREY M. LIPPMAN (MD, DC)

**OF COUNSEL**
MELVIN J. WEINSTOCK
MARC E. SHACH

**MANAGING ATTORNEYS**
ILONA M. FISHER
WILLIAM H. THRUSH, JR. (MD, DC)

**ATTORNEYS**
GREG I. ROSE (MD, DC, PA, VA)
MICHAEL W. MOORE (MD, DC)
CRAIG A. SCHOENFELD
CHRISTINE GAGE
SHANNON B. KRESHTOOL (MD, DC)
H. JEFFREY ZEGLER (MD, DC)
DENISE L. KINNARD
JOHN R. ROSSBACH
J C AMOS (MD, WV)
JASON E. SOLOMON (MD, DC)
OWEN BLUM (MD, DC)
WALTER D. TY
REBECCA A. CARTER
JAMIE B. GLICK (MD, DC)
KIMBERLY A. SAXON
VICTOR A. LEMBO
MELISSA L. FRENTZ
LISA D. ETLINGER
LISA L. GEIER
LISA M. GOLDBLATT (MD, DC, NY)
DARLENE T. DAVIES
LAYLA SAID
JORDAN I. SELZER (MD, DC)
D. WILLIAM BROOKE (MD, DC)
TATARSHA D. HARRIS (MD, NY, NJ)
SUZAN A. PHILLIPS (MD, MA, JAMAICA)
WAYNE G. GRACEY (MD, PA)
ROSEMARY E. ALLUUS
BRIAN GREIFER

Ms. Tami L. Taylor
Attorney-At-Law
1875 I Street, N.W., 5th Floor
Suite 557
Washington, D.C. 20006
Via US Mail and Fax 202-429-9574

Re:   Luther v. Harrison
U.S. Federal District Court for the
District of Columbia
Dismissal

Dear Ms. Taylor,

This letter is to follow-up on our recent conversation regarding your client's decision to dismiss this case. During our telephone conversation on Wednesday, April 16, 2008, you stated that your client had agreed to dismiss this case with prejudice. Since that time, however, I have not heard back from you.

For your convenience, I have prepared and attached a stipulation of dismissal for filing. We request that you file upon receipt so that this matter can be resolved.

Very truly yours,

WEINSTOCK, FRIEDMAN
& FRIEDMAN, P.A.

Rosemary E. Alluus

Enclosure

cc:

Diana Harrison
2634 Parkland Drive
District Heights, Maryland 20747

DEFENDANT'S
EXHIBIT
6

## UNITED STATES DISTRICT C0URT
## FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | | |
|---|---|---|
| **TRACEY LUTHER** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **DIANA HARRISON, et al** | * | |
| | * | |
| **Defendants** | * | **Civil Action No.: 07-CV-01925 (TFH)** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### <u>NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE</u>

NOW COMES, Tracey Luther, Plaintiff, by and through her attorneys, Tami L. Taylor,

and Diana L. Harrison, Defendant, by and through her attorneys, Sidney S. Friedman, Rosemary

E. Allulis, and Weinstock, Friedman & Friedman, P.A., and pursuant to the Federal Rules of

Civil Procedure, Rule 41(a)(1)(ii), and through voluntary stipulation of the parties, herein

dismisses the above-captioned action with prejudice.

<table>
<tr>
<td>

 Tamika L. Taylor  /s/               
Tamika L. Taylor
D.C. Bar #: 474305
1875 Eye Street, N.W., Ste. 557
Washington, D.C. 20006
202-429-2031
tamitayloresq@aol.com
Attorney for Plaintiff

</td>
<td>

Sidney S. Friedman /s/
Sidney S. Friedman
D.C. Federal Bar No.: 464753
Rosemary E. Allulis /s/
Rosemary E. Allulis
Federal Bar No.: 26625
Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208
(410) 559-9000
(410) 559-9009 Fax
ssf@weinstocklegal.com
rea@weinstocklegal.com

</td>
</tr>
</table>

Attorneys for Defendant Diana Harrison

```
***  ************************
***    TX  REPORT    ***
*************************

TRANSMISSION OK

TX/RX NO               2088
CONNECTION TEL               12024299574
SUBADDRESS
CONNECTION ID
ST. TIME              04/22 14:52
USAGE T               00'21
PGS. SENT             2
RESULT                OK
```



**LAW OFFICES**

# WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A.

**EXECUTIVE CENTRE**
**4 RESERVOIR CIRCLE**
**BALTIMORE, MD 21208-7301**

**410-559-9000**
**FAX: 410-559-9009**
**NORTHERN VA, DC & MD SUBURBS**
**800-999-8286**

**WWW.WEINSTOCKLEGAL.COM**

PARTNERS
SIDNEY S. FRIEDMAN (MD, DC)
EDWARD J. FRIEDMAN (MD, DC, VA)
JEFFREY M. LIPPMAN (MD, DC)

OF COUNSEL
MELVYN J. WEINSTOCK
MARC E. SHACH

MANAGING ATTORNEYS
ILONA M. FISHER
WILLIAM H. TRUSH, JR. (MD, DC)

ATTORNEYS
GREG I. ROSE (MD, DC, PA, VA)
MICHAEL W. MOORE (MD, DC)
CRAIG A. SCHOENFELD
CHRISTINE GAGE
SHANNON B. KRESHTOOL (MD, DC)
H. JEFFREY ZIEGLER (MD, DC)
DENISE L. KINNARD
JOHN R. ROSSBACH
J C AMOS (MD, WV)
JASON E. SOLOMON (MD, DC)
OWEN BLUM (MD, DC)
WALTER D. TY
REBECCA A. CARTER
JAMIE B. GUICK (MD, DC)
KIMBERLY A. SAXON
VICTOR A. LEMBO
MELISSA L. FRENTZ
LISA D. ETTLINGER
LISA L. GEIER
LISA M. GOLDBLATT (MD, DC, NY)
DARLENE T. DAVIES
LAYLA SAID
JORDAN I. SELZER (MD, DC)
D. WILLIAM BROOKE (MD, DC)
TATARINA D. HARRIS (MD, NY, NJ)
SUZAN A. PHILLIPS (MD, MA, JAMAICA)
WAYNE G. GRACEY (MD, PA)
ROSEMARY E. ALLDUS
BRIAN GREUTER

April 22, 2008

Ms. Tami L. Taylor
Attorney-At-Law
1875 I Street, N.W., 5th Floor
Suite 557
Washington, D.C. 20006
<u>Via US Mail and Fax 202-429-9574</u>

                   Re:   <u>Luther v. Harrison</u>
                          U.S. Federal District Court for the
                          District of Columbia
                          <u>Dismissal</u>

Dear Ms. Taylor,

     This letter is to follow-up on our recent conversation regarding your client's decision to dismiss this case. During our telephone conversation on Wednesday, April 16, 2008, you stated that your client had agreed to dismiss this case with prejudice. Since that time, however, I have not heard back from you.

     For your convenience, I have prepared and attached a stipulation of dismissal for filing. We request that you file upon receipt so that this matter can be resolved.

                        Very truly yours,

                        WEINSTOCK, FRIEDMAN
                        & FRIEDMAN, P.A.